NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL UNION NO. 22 and SHEET METAL WORKERS LOCAL 22 WELFARE, PENSION, ANNUITY EDUCATION, VACATION AND UNEMPLOYMENT FUNDS AND THE BOARDS OF TRUSTEES THEREOF, | : : : : : : : : | Civil Action No. 08-1507 (JAG) |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| STAR MECHANICAL, LLC., | : : | |
| Defendant. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on a motion for entry of default judgment (Docket Entry No. 6) by plaintiffs, Sheet Metal Workers Local Union No. 22 (the "Union") and Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof (collectively, "Plaintiffs"). Plaintiffs seek entry of default judgment against defendant, Star Mechanical, LLC. ("Defendant"), pursuant to FED. R. CIV. P. 55(b). Plaintiffs request monetary damages stemming from an alleged breach of the collective bargaining agreement entered into by the parties.

1

## I. <u>FACTS</u>

The Union is an unincorporated labor organization that exclusively represents persons employed by parties to a collective bargaining agreement with the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (the "Association"). (Compl. ¶ 2.) For purposes of the collective bargaining agreement, the Association represents employers of the persons who are represented by the Union. (<u>Id.</u>)

Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof are each trusts, or parts of trusts. (<u>Id.</u> at ¶ 1.) These entities provide pension, welfare, annuity, and other benefits for employees of employers that are covered by a collective bargaining agreement with the Union, or employers that gave collective bargaining authority to the Association. (<u>Id.</u>)

Defendant is an employer whose employees are represented by the Union. (<u>Id.</u> at ¶ 3.) Furthermore, Defendant is a party to the collective bargaining agreement between the Union and the Association. (<u>Id.</u>)

Since the parties entered into a collective bargaining agreement, 29 U.S.C. § 1145 requires Defendant to make specific payments to Plaintiffs because Defendant's employees were represented by the Union.[1] (<u>Id.</u> at ¶ 6.) The payments should have been made in accordance with the trust agreements and the procedures specified by the trustees. (<u>Id.</u>) The procedures

---

[1] Defendant was required to make such payments, pursuant to 29 U.S.C. § 1145, which states that, "[e]very employer . . . obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

established by the trustees required employers to make payments by the twentieth day of each month for the amounts owed for the preceding month. (Id. at ¶ 8.)

Plaintiffs allege that Defendant failed to make any monthly payments since May 1, 2007. (Id. at ¶ 9.) Plaintiffs now request that this Court enter judgment in favor of Plaintiffs, pursuant to 29 U.S.C. § 1132(g)(2). (Id. at ¶ 11.) Therefore, in addition to the principal sum,[2] Plaintiffs request interest at the rate set by 26 U.S.C. § 6621 – liquidated damages at the rate of twenty percent of the principal sum due, reasonable attorney's fees, and costs of suit, as a result of Defendant's breach of the collective bargaining agreement.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs the entry of default judgment. The Rule states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.

FED. R. CIV. P. 55(b)(2). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." U.S. v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique

---

[2] The principal sum is the aggregate total of missed payments from May 1, 2007 to September 30, 2008. This Court notes that Plaintiffs originally estimated that the principal sum was $45,190.33, (Compl. ¶ 8) but later estimated that the principal sum was actually $45,192.33 (Gallagher Aff. ¶ 4).

3

Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  However, "the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  "Following the entry of default, a district court can enter a final judgment without requiring further proof of damages only in limited situations."  KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).  For example, "no evidentiary inquiry is necessary if the claim is for a 'sum certain,'" id., or if the claim is based on "an enforceable liquidated damages clause in a contract" id. at 20.  However, beyond these limited situations,  "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

   The district court "has considerable latitude in determining the amount of damages."  Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  In determining the amount, a district court may conduct a hearing.  FED. R. CIV. P. 55(b)(2).  However, the court is not required to do so "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment."  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989)).   "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before default judgment may be entered against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." <u>Williams v. Life Sav. & Loan</u>, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court has federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. This action involves a federal question, since the dispute arises out of 29 U.S.C. § 185 and 29 U.S.C. § 1145.[3] Pursuant to 29 U.S.C. § 185(a), regardless of the citizenship of the parties or the amount in controversy, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations may be brought in any District Court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). Plaintiffs are labor organizations representing Defendant's employees. (Compl. ¶¶ 1-3.) Moreover, the dispute arises because Plaintiffs contend that Defendant violated the terms of the parties' collective bargaining agreement. (<u>Id.</u> at 6-8.) Therefore, 29 U.S.C. § 185 is applicable.

In pertinent part, 29 U.S.C. §1145 states that "every employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Since Defendant is an employer obligated to make contributions to a multiemployer plan, 29 U.S.C. § 1145 is

---

[3] Additionally, 29 U.S.C. § 1132(a)(3)(B) and 29 U.S.C. § 1132(g)(2) raise federal questions pertaining to the enforcement of Plaintiffs' rights regarding the procedures for collection of potential damages.

applicable.  Finally, this Court also has personal jurisdiction over Defendant, since Defendant's principal offices are located in Kenilworth, New Jersey.

## IV.  ANALYSIS

Defendant has failed to appear, or otherwise plead, in response to the Complaint, which was filed on March 25, 2008 and served on Defendant on April 14, 2008.  (Summons Returned Executed for Star Mechanical, LLC, dated April 14, 2008 (Docket Entry No. 3).)  Plaintiffs appropriately filed an application for entry of default with this Court (Req. for Default (Docket Entry No. 5)) prior to filing their motion for an entry of default judgment (Mot. for Default as to Def., Star Mechanical LLC.  (Docket Entry No. 6)). This Court finds that default judgment is appropriate under FED. R. CIV. P. 55 (b)(2), on all counts of the complaint.

## V.  DAMAGES

Plaintiffs request the following damages: $45,190.33 for the period of May 1, 2007 to September 30, 2008, plus interest at the rate set by 26 U.S.C. § 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorney's fees and costs of suit.  (Compl. ¶ 11(a).)

Plaintiffs' requests are made pursuant to 29 U.S.C. § 1132 (g)(2), which states that,

> [T]he court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of -- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate.  For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (2009).

6

However, there are inconsistencies within Plaintiffs' calculation of damages. Specifically, Plaintiffs have not provided any explanations for the amount of interest requested, pursuant to § 6621. Therefore, this Court will reserve judgment on the issue of damages and allow Plaintiffs fourteen (14) days from the date of the Order to submit a complete explanation of their damages calculations.

## VI.  CONCLUSION

For the reasons set forth above, this Court shall grant Plaintiffs' motion for default judgment. This Court shall reserve judgment on the issue of damages.

Date: March 31, 2009

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.